NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SALEEM IBRAHIM ELHABASH, | : Hon. Faith S. Hochberg |
| Plaintiff, | : Civil No. 09-5847 (FSH) |
| v. | : **OPINION** |
| UNITED STATES DEPARTMENT OF STATE, *et al.*, | : Date: April 27, 2010 |
| Defendants. | : |

**HOCHBERG, District Judge**:

      Plaintiff Saleem Ibrahim Elhabash, a citizen of Jordan, brings this lawsuit seeking to compel the U.S. Embassy in Amman, Jordan (the "Embassy") to render a decision on his J-1 visa application. Defendants are the U.S. State Department, Secretary of State Hillary Clinton, the Embassy, Deputy Chief of Mission Lawrence C. Mandel, and Secretary of Homeland Security Janet Napolitano. Defendants now move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) on three grounds: 1) this Court lacks jurisdiction to review consular decisions; 2) the Embassy's final decision denying plaintiff's application moots his claims; and 3) plaintiff lacks standing.

**I.      Factual Background**

      The following is a brief summary of the relevant facts, as set forth in affidavits submitted by the parties. The facts are largely undisputed.

      Plaintiff is a citizen of Jordan. He has obtained several visas to pursue his medical education and training in the United States. He has periodically returned to Jordan upon

expiration of these visas. On August 18, 2009, he applied for a J-1 visa to continue his post-graduate medical training at the University of Medicine and Dentistry of New Jersey in Newark, New Jersey. Plaintiff avers that, as part of the visa application process, he had an interview with Ms. Ann Slack, a consular officer at the U.S. Embassy in Amman, Jordan. Ms. Slack informed plaintiff at the interview that his application required further processing, which might take between 2 and 20 weeks, and handed him a yellow form indicating the same. The yellow form did not inform plaintiff that his application was denied. Although plaintiff was not granted a visa at that time, he did not leave the interview believing that his application was denied.[1] Defendants submitted an affidavit averring that plaintiff's application was refused by the Embassy pursuant to § 221(g) of the Immigration and Nationality Act ("INA") because it required further administrative processing by the Department of State in Washington D.C. and that once this processing is complete, the Embassy will reconsider plaintiff's application without submission of another visa application.

Plaintiff brought this lawsuit in November 2009, three months after his interview, to compel the Embassy to render a decision on his J-1 visa application. By letter dated January 21, 2010, the Embassy informed plaintiff: "As mentioned during your interview on 18-Aug-2009, your application for a non-immigrant visa to the United States was refused under Section 221(g) of the United States Immigration and Nationality Act.[2] All applicants who are refused

---

[1] The parties dispute whether plaintiff was informed by Ms. Slack at the time of his interview that his application had been refused, but the Court need not resolve this factual dispute to decide the instant motion.

[2] Section 221(g) provides: "No visa or other documentation shall be issued to an alien if (1) it appears to the consular officer, from statements in the application, or in the papers submitted therewith, that such alien is ineligible to receive a visa or such other documentation

2

under this section of law receive the enclosed letter instructing them to periodically check our website for information ..." The referenced enclosed letter was a yellow form, dated January 20, 2010. Unlike the yellow form that plaintiff avers he received at his interview, it indicated that plaintiff's application was denied under INA § 221(g). The form further stated, in language and print identical to that of the yellow form that plaintiff avers he received at his interview, that plaintiff's application required "additional administrative processing" and that such processing "can take between 2 and 20 weeks."

In response, plaintiff contacted the Embassy to ask why his application was denied. The embassy responded by email dated January 24, 2010: "Kindly note that your case is not refused it is undergoing administrative processing which may take as much as 90 days or more." A subsequent email from the Embassy, sent the same day, explained that plaintiff's application was "temporarily refused until we receive the approval on your case from Washington." Defendants have submitted an affidavit averring that these emails were inaccurate. A screenshot of plaintiff's case status report from the Embassy's website, dated March 5, 2010, states: "Your application is still pending administrative processing. Please check again at a later time for further updates." Plaintiff also applied for a visa at the U.S. Embassy in Saudi Arabia, but that application was purportedly denied on the basis that he his application in Jordan was still open and pending.

**II.    Legal Standard**

---

under section 1182 of this title, or any other provision of law, (2) the application fails to comply with the provisions of this chapter, or the regulations issued thereunder, or (3) the consular officer knows or has reason to believe that such alien is ineligible to receive a visa or such other documentation under section 1182 of this title, or any other provision of law." 8 U.S.C. § 1201(g).

3

This is a factual challenge to this Court's subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). As the party asserting federal jurisdiction, plaintiff has the burden to prove that it exists. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). No presumption of truthfulness attaches to the Complaint, and to the extent disputed issues of fact exist, the Court is free to weigh the evidence submitted and resolve them. *See id.*; *Mortensen v. First Federal Sav. & Loan Ass'n*, 549 F.2d 884, 891 & n.16 (3d Cir. 1977) ("Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction ... the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist. ... The form of the inquiry is flexible though: As there is no statutory direction for procedure upon an issue of jurisdiction, the mode of its determination is left to the trial court.") (internal quotations omitted).

**III.    Discussion**

The regulations governing nonimmigrant visas do not vest the Embassy with discretion to withhold a decision on an application. *See* 22 C.F.R. § 41.121(a) ("When a visa application has been properly completed and executed in accordance with the provisions of INA and the implementing regulations, the consular officer <u>must</u> either issue or refuse the visa.") (emphasis added). If the Embassy has not rendered a decision on an application, it has been held that the courts have jurisdiction to compel it to do so. *See Patel v. Reno*, 134 F.3d 929, 931-32 (9th Cir. 1997). However, if the Embassy has rendered a decision on plaintiff's application, this

4

Court has no subject matter jurisdiction under the doctrine of consular nonreviewability. *Id.* at 931.  Plaintiff would also lack standing. *See Van Ravenswaay v. Napolitano*, 613 F. Supp. 2d 1, 5 (D.D.C. 2009) (explaining that "non-resident aliens lack standing to challenge the determinations associated with their visa applications, which belong to the political and not judicial branches of government").  Finally, a decision by the Embassy would render plaintiff's request for relief moot. *See Hong Lin Zhou v. Chertoff*, No. C-08-04523 RMW, 2009 WL 2246231, at *2 (N.D. Cal. July 24, 2009).  The determinative question is thus whether the Embassy has rendered a decision on plaintiff's application.  If it has, the Court must dismiss the Complaint for lack of subject matter jurisdiction and standing.

        The regulations detail the procedure for refusing a visa application.  "When a consular officer knows or has reason to believe a visa applicant is ineligible and refuses the issuance of a visa, he or she must inform the alien of the ground(s) of ineligibility ... and whether there is, in law or regulations, a mechanism (such as a waiver) to overcome the refusal. The officer shall note the reason for the refusal on the application." 22 C.F.R. § 41.121(b)(1).  Although it appears that plaintiff may not have been so informed at his interview (which is highly unfortunate), it is undisputed that he was so informed in January 2010.  That is when plaintiff received the letters from the Embassy informing him that his application had been refused because it required further administrative processing, and that the refusal could be overcome after such processing was complete.  This fact is dispositive to the current inquiry.

        It is unfortunate that plaintiff was given inaccurate and contradictory information by some of the consular officials with whom he corresponded.  In addition, he has clearly invested a great deal of time and resources in pursuit of his medical education and training in the

5

United States, which is being impeded in part by the eight-month delay in the administrative processing of his visa application by the State Department. Nevertheless, this Court is without jurisdiction to hear the case because the Embassy has denied his visa application pursuant to INA § 221(g). Plaintiff's only recourse is to await the reconsideration of his application by the Embassy after the administrative processing is complete.

**IV.     Conclusion**

For the reasons set forth in this opinion, plaintiff's Complaint is dismissed for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). An appropriate order will issue.

       /s/  **Faith S. Hochberg**
Hon. Faith S. Hochberg, U.S.D.J.